IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMIE R. ROGERS,

                                ORDER

                Plaintiff,

v.                                     11-cv-152-wmc

DALIA SULINE,

                Defendant.

---

In an order entered on August 10, 2011 plaintiff Jimmie Rogers was granted leave to proceed *in forma pauperis* on his claim that defendant Dalia Suliene was deliberately indifferent to his need for a liver transplant. Now, defendant has filed an answer along with a notice advising the court of plaintiff's death on August 15, 2011.

Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, the court may order the substitution of the proper party, ordinarily the personal representative of the party who has died. However, the suit must be dismissed if the motion for substitution is filed more than 90 days "after service of a statement noting the death." The party putting the "suggestion of death" on the record must serve the decedent's representative or successor in order to start the 90-day clock running, but this requirement is waived when the party filing the suggestion of death does not know who the representative is. *George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873-74 (7th Cir. 2008) (noting the *George* exception to case law stating decedent's representative must be served).

To start the 90-day clock running, defendant Suliene (by counsel) must serve plaintiff's representative or successor with the suggestion of death if she knows who that person is. If she does not know, then the 90-day clock runs from the filing of the suggestion of death. However,

the record does not show whether defendant Suliene has served plaintiff's representative or successor, or even whether she knows who the representative might be. Therefore, I will direct defendant to serve either the plaintiff's representative or successor in the manner described in Fed. R. Civ. P. 25(a)(3) or notify the court not later than September 28, 2011 if there is no discernable successor or representative.

Entered this 14th day of September, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge